UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LEE MORRISON, | Case No. 2:23-cv-00850-JDP (PC) |
| Plaintiff, | ORDER |
| v. | |
| GISELLE MATTESON, *et al.*, | |
| Defendants. | |

Plaintiff brings this section 1983 case against several high-ranking state officials, including Governor Newsom and CDCR Director of Corrections Jennifer Shaffer. ECF No. 1 at 2. The complaint cannot proceed in its current state for two reasons. First, I cannot tell how each defendant is alleged to have personally violated plaintiff's rights. Second, although the complaint is styled as a section 1983 action, it is interspersed with various habeas corpus filings, including a full-length petition seeking the plaintiff's release. *Id.* at 24. I cannot tell why these documents are being offered and if plaintiff seeks any habeas relief that would be unsuited to this civil rights action. I will allow him an opportunity to amend. Additionally, after review of plaintiff's

1

prisoner trust fund account, ECF No. 5, I will grant plaintiff's application to proceed *in forma pauperis*. ECF No 2.

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Analysis

Plaintiff broadly alleges that defendants violated his rights by failing to take adequate steps to protect him from contracting Covid-19. ECF No. 1 at 4-8. His allegations fail, however, to describe how each defendant is responsible for the alleged failure to protect his health. This shortcoming is especially acute for defendants like Governor Newsom and Director Shaffer, who do not have any obvious, personal involvement in managing the prison where he is incarcerated. As noted above, plaintiff has also included numerous habeas-related documents. *See id.* at 9-24. He is advised that claims for habeas relief and money damages cannot proceed jointly. If these documents are being offered for context, it behooves plaintiff to explain which parts of them are relevant.

Plaintiff may file an amended complaint that addresses these deficiencies. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Within thirty days from the service of this order, plaintiff may file an amended complaint. If he does not, I will recommend this action be dismissed.

3. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated: ___June 21, 2023___  
                                          JEREMY D. PETERSON  
                                        UNITED STATES MAGISTRATE JUDGE