1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CURTIS LEE MORRISON,                    Case No.  2:23-cv-00850-JDP (PC)

12              Plaintiff,                    ORDER SCREENING PLAINTIFF'S
                                              SECOND AMENDED COMPLAINT
13        v.
                                              ECF No. 13
14   GISELLE MATTESON, *et al.*,

15              Defendants.

16

17        Plaintiff alleges in his second amended complaint that the warden, chief medical

18   executive, and a sergeant at California State Prison, Solano, and both the executive director of

19   CDCR and California's governor, violated his Eighth and Fourteenth Amendment rights.  ECF

20   No. 13.  He alleges that he contracted COVID twice after defendants moved him from a COVID-

21   negative building to a COVID-positive one.  ECF No. 13 at 3.  Some of the claims may proceed,

22   while others are not.  I will offer plaintiff the opportunity to proceed either on his cognizable

23   claims or delay serving any defendant and file an amended complaint.

24                     **Screening and Pleading Requirements**

25        A federal court must screen a prisoner's complaint that seeks relief against a governmental

26   entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable

27   claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

28

1

1    claim upon which relief may be granted, or seeks monetary relief from a defendant who is

2    immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

3         A complaint must contain a short and plain statement that plaintiff is entitled to relief,

4    Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

5    face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

6    require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

7    662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

8    possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

9    identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

10   1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

11   give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

12   n.2 (9th Cir. 2006) (en banc) (citations omitted).

13        The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

14   U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

15   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

16   would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

17   However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

18   of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

19   1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

### Analysis

21        The complaint alleges that on two separate occasions, Martin Keursten, the chief medical

22   executive of CSP-Solano, and Segreant Aisha Muhammad, moved plaintiff, who was COVID

23   negative, into COVID-positive buildings, causing him to contract the disease twice.  ECF No. 13

24   at 3.  According to the complaint, Governor Gavin Newsom; CDCR's executive director, Jennifer

25   Shaffer; and CSP-Solano's warden, Giselle Matteson; "made up rules" "saying public safety out

26   weighed [plaintiff's] safety as an inmate and left [him] here in get Covid-19 three times."  *Id.*

27        At the screening stage, plaintiff's Eighth Amendment claims against defendants Keursten

28   and Muhammad are sufficient to go forward.  *See Loyd v. Allison*, No. 5:21-cv-01817-FLA-SHK,

1    2022 WL 2062868, at *7 (C.D. Cal. Feb. 14, 2022).  Plaintiff's other claims, however, are not.

2            As an initial matter, the court is unsure of the basis for plaintiff's Fourteenth Amendment

3    claims.  The complaint does not allege that plaintiff is a pretrial detainee, that defendants treated

4    him differently than others who were similarly situated without a rational basis, or that defendants

5    discriminated against him based on his membership in a protected class.  Plaintiff has failed to

6    allege a Fourteenth Amendment claim.

7            With respect to plaintiff's claims against Governor Newsom in his official capacity, these

8    claims are functionally against the State of California, and the Eleventh Amendment bars claims

9    for damages against state officers sued in their official capacity.  *See Kentucky v. Graham*, 473

10   U.S. 159, 166 (1985); *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007); *Bair v. Krug*, 853

11   F.2d 672, 675 (9th Cir. 1988).

12           While the doctrine set forth in *Ex Parte Young*, 209 U.S. 123 (1908), provides for a

13   narrow exception for prospective injunctive relief against state officers in their official capacities

14   for alleged violations of federal law, *see Coal. to Defend Affirmative Action v. Brown*, 674 F.3d

15   1128, 1134 (9th Cir. 2012), Governor Newsom is not the correct state official to sue for such

16   relief.  Under *Ex Parte Young*, "the state official sued 'must have some connection with the

17   enforcement of the act' to avoid making that official a mere representative of the state." *Culinary*

18   *Workers Union, Local 226 v. Del Papa*, 200 F.3d 614, 619 (9th Cir. 1999) (per curiam) (quoting

19   *Ex Parte Young*, 209 U.S. at 157).  This connection "must be fairly direct; a generalized duty to

20   enforce state law or a general supervisory power over those persons responsible for enforcing the

21   challenged provision will not subject an official to suit." *L.A. Cty. Bar Ass'n v. Eu*, 979 F.2d 697,

22   704 (9th Cir. 1992).  The complaint provides no factual allegations indicating that Governor

23   Newsom had any direct connection to plaintiff's specific movements between buildings at CSP-

24   Solano.

25           The complaint also fails to state a claim against Governor Newsom in his individual

26   capacity.  Plaintiff has not shown that Governor Newsom was personally involved in the violation

27   of plaintiff's rights or that there was a "sufficient causal connection" between Newsom's own

28   conduct and the violations at issue.  *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).

1      Plaintiff's claims against defendants Shaffer and Matteson also fail to state a claim.

2  Vicarious liability does not apply to § 1983 actions, rather, "a plaintiff must plead that each

3  Government-official defendant, through the official's own individual actions, has violated the

4  Constitution." *Ashcroft*, 556 U.S. at 676.  Under these standards, defendants Shaffer and

5  Matteson may be held liable as supervisors only "if there exists either (1) his or her personal

6  involvement in the constitutional deprivation, or (2) a sufficient causal connection between the

7  supervisor's wrongful conduct and the constitutional violation." *Starr*, 652 F.3d at 1207 (internal

8  quotation marks and citations omitted).  Here, plaintiff's conclusory allegations that Shaffer and

9  Matteson made up safety rules that excluded him neither demonstrates a constitutional

10  deprivation, nor show that they specifically engaged in wrongful conduct that led to his alleged

11  constitutional violation.

12      Moreover, an official capacity claim against Shaffer as the director of CDCR is a claim

13  against CDCR and the State of California, which is barred by the Eleventh Amendment, if

14  plaintiff is seeking monetary damages.  Plaintiff does not seek prospective relief, only monetary

15  damages; therefore, Shaffer is an immune defendant.

16      With this in mind, plaintiff may either notify the court that he wishes to proceed on his

17  cognizable Eighth Amendment claims against defendants Keursten and Muhammad, in which

18  case I will direct service, or he may elect to amend his complaint.  If plaintiff amends his

19  complaint, I will delay serving any defendant and will screen his amended complaint in due

20  course.  Plaintiff is reminded that any amended complaint will supersede the current complaint.

21  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc).  The amended

22  complaint should be titled "Third Amended Complaint" and refer to the appropriate case number.

23      Accordingly, it is ORDERED that:

24      1.  Within thirty days from the service of this order, plaintiff shall either file a notice with

25  the court indicating his intent to proceed only with his Eighth Amendment claims against

26  defendants Keursten and Muhammad or he shall file an amended complaint.

27      2.  The Clerk of Court shall send plaintiff a § 1983 complaint form with this order.

28      3.  Failure to comply with this order may result in a recommendation of dismissal.

4

1
2     IT IS SO ORDERED.
3
      Dated:    December 12, 2023
4                                          JEREMY D. PETERSON
                                           UNITED STATES MAGISTRATE JUDGE
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

                                    5