UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LEE MORRISON,<br><br>Plaintiff,<br><br>v.<br><br>MARTIN KEURSTEN, *et al*.,<br><br>Defendants. | Case No.  2:23-cv-0850-DAD-JDP (P)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner, brought this action under section 1983 alleging that defendants Martin Keursten, the Chief Medical Executive of California State Prison-Solano ("CSP-Solano"), and A. Muhammad, a correctional sergeant, violated his Eighth Amendment rights by causing him to contract the COVID-19 virus.  ECF No. 13 at 3.  Defendants have moved for summary judgment, ECF No. 35, plaintiff has filed an opposition, ECF No. 38, and defendants have filed a reply, ECF No. 39.  After review of the pleadings, I find that defendants' motion should be granted.

<u>Legal Standards</u>

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington*

1

1  *Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011).  An issue of fact is genuine
2  only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party,
3  while a fact is material if it "might affect the outcome of the suit under the governing law."
4  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818
5  F.2d 1422, 1436 (9th Cir. 1987).

6      Rule 56 allows a court to grant summary adjudication, also known as partial summary
7  judgment, when there is no genuine issue of material fact as to a claim or a portion of that claim.
8  *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule
9  56 authorizes a summary adjudication that will often fall short of a final determination, even of a
10  single claim . . . .") (internal quotation marks and citation omitted).  The standards that apply on a
11  motion for summary judgment and a motion for summary adjudication are the same.  *See* Fed. R.
12  Civ. P. 56 (a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

13      Each party's position must be supported by (1) citations to particular portions of materials
14  in the record, including but not limited to depositions, documents, declarations, or discovery; or
15  (2) argument showing that the materials cited do not establish the presence or absence of a
16  genuine factual dispute or that the opposing party cannot produce admissible evidence to support
17  its position.  *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The court may consider
18  other materials in the record not cited to by the parties, but it is not required to do so.  *See* Fed. R.
19  Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist*., 237 F.3d 1026, 1031 (9th Cir.
20  2001); *see also Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

21      "The moving party initially bears the burden of proving the absence of a genuine issue of
22  material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  To meet its burden, "the
23  moving party must either produce evidence negating an essential element of the nonmoving
24  party's claim or defense or show that the nonmoving party does not have enough evidence of an
25  essential element to carry its ultimate burden of persuasion at trial."  *Nissan Fire & Marine Ins.*
26  *Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  If the moving party meets this
27  initial burden, the burden then shifts to the non-moving party "to designate specific facts
28  demonstrating the existence of genuine issues for trial."  *In re Oracle Corp. Sec. Litig.*, 627 F.3d

1  376, 387 (citing *Celotex Corp.*, 477 U.S. at 323).  The non-moving party must "show more than
2  the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477
3  U.S. 242, 252 (1986)).  However, the non-moving party is not required to establish a material
4  issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to
5  require a jury or judge to resolve the parties' differing versions of the truth at trial."  *T.W.*
6  *Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

7      The court must apply standards consistent with Rule 56 to determine whether the moving
8  party has demonstrated there to be no genuine issue of material fact and that judgment is
9  appropriate as a matter of law.  *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).
10 "[A] court ruling on a motion for summary judgment may not engage in credibility
11 determinations or the weighing of evidence." *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir.
12 2017) (citation omitted).  The evidence must be viewed "in the light most favorable to the
13 nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party.
14 *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*,
15 198 F.3d 1130, 1134 (9th Cir. 2000).

16 Analysis

17     Plaintiff alleges that defendants moved him into "diseased buildings" knowingly causing
18 him to get infected with the COVID-19 virus.  ECF No. 13 at 3.  For the reasons stated below,
19 both defendants are entitled to summary judgment.

20     Claim Against Kuersten

21     Plaintiff argues that defendant Kuersten caused him to contract COVID-19 on December
22 29, 2020.  ECF No. 35-4 at 30, 33.  He claims that Kuersten was attempting to instill a "herd
23 immunity" in the inmate population and implies that he was willing to allow a high risk of
24 infection to obtain it.  *Id.* at 24-25.  Records indicate that, on December 9, 2020, plaintiff was
25 housed in general population with other inmates.  ECF No. 35-5 at 4.  On that day, plaintiff was
26 offered a chance to move to celled housing, away from the general populace, to reduce his risk of
27 contracting COVID-19.  ECF No. 35-4 at 37.  Plaintiff refused transfer and indicated that he
28 understood that being in close contact with other inmates in his dormitory raised his risk of

1    contracting the virus. *Id.* Even assuming that Kuersten was responsible for offering the housing
2    change, and he states that he was not, ECF No. 35-6 at 3, there is no possibility that this offer,
3    which was declined, harmed plaintiff or adversely affected his odds of infection. Thus, he cannot
4    sustain any Eighth Amendment claim for inadequate medical care against Kuersten. To succeed
5    on a claim for medical deliberate indifference, a plaintiff must show that he had a sufficiently
6    serious medical need, and that the defendant was deliberately indifferent toward that need.
7    *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1081 (9th Cir. 2013). Here, prison
8    officials recognized that plaintiff's housing placed him at a higher risk of infection, and they
9    offered him a chance to move to less populated housing to decrease that risk. Not only was there
10   no deliberate indifference, there was no wrongdoing whatsoever insofar as Kuersten cannot be
11   claimed to have caused or increased the likelihood of plaintiff's COVID-19 infection.
12       Plaintiff's opposition offers no substantive argument to the contrary. A lengthy
13   document, running to nearly one-hundred of fifty pages, it is comprised almost entirely of
14   uncontextualized exhibits. ECF No. 38. Accordingly, I find that defendant Kuersten is entitled to
15   summary judgment.
16       Finally, Kuersten is also entitled to summary judgment on a claim, to the extent that
17   plaintiff seeks to raise one that, at any point, he was COVID negative and then transferred to an
18   area with inmates who had tested positive. As noted above, plaintiff elected to stay in a higher
19   population area rather than take a transfer. Additionally, Kuersten states, and plaintiff's housing
20   assignments confirm, that he was transferred out of his normal housing to isolation only once he
21   contracted the virus. ECF No. 35-5 at 4-5; ECF No. 35-6 at 3.
22       <u>Claim Against Muhammad</u>
23       In a separate claim, plaintiff alleges that defendant Muhammad altered his court hearing
24   transportation orders and caused him to spend a night in a county jail. ECF No. 35-4 at 6-7; 26-
25   28. As a consequence, he was placed in isolation when he returned to CSP-Solano, and alleges
26   that he contracted COVID-19 therein. *Id.* at 26-28. Defendants have provided evidence,
27   however, that plaintiff spent the night in county jail not because of any action on Muhammad's
28   part, but because his court hearing was vacated due to attorney unavailability. ECF No. 35-3 at

21;[1] ECF No. 35-5 at 7-8. Additionally, plaintiff has conceded that he is uncertain what role, if any, Muhammad played in transferring him to isolation, where he alleges he contracted the virus. ECF No. 35-4 at 18. Muhammad's declaration states that she had no involvement in determining inmate housing or in isolating them for the purpose of limiting viral transmission. ECF No. 35-7 at 1. Finally, even if Muhammad were responsible for both plaintiff's layover in county jail and confinement to isolation, there is no tenable allegation that she was aware of any serious medical need or risk to plaintiff. She could not reasonably foresee that a digression from plaintiff's normal travel schedule would ultimately cause him to contract COVID-19. Accordingly, defendant Muhammad is also entitled to summary judgment.

As noted above, plaintiff has not offered any meaningful opposition to defendants' motion for summary judgment. He does deny that his court hearing was changed because of attorney availability, ECF No. 38 at 70, but he offers no evidence to support his contention.

## Conclusion

It is ORDERED that plaintiff's motion to appoint counsel, ECF No. 40, is DENIED. Plaintiff may renew this motion if these recommendations are not adopted.

Further, it is RECOMMENDED that defendants' motion for summary judgment, ECF No. 35, be GRANTED and judgment be entered in their favor.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See*

---

[1] Defendants request that the court take judicial notice of the relevant court transcripts from plaintiff's state court hearing. ECF No. 35-3 at 1-2. I will do so. *See Johnson v. Uribe*, 682 F.3d 1238, 1246 n.4 (9th Cir. 2012) (taking judicial notice of certified court transcript).

*Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: December 19, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE